

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
NEW YORK REGIONAL OFFICE
3 WORLD FINANCIAL CENTER
ROOM 400
NEW YORK, NEW YORK 10281-1022

June 10, 2013



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/13

**Via Facsimile: 212-805-7901**

The Honorable Harold Baer, Jr.
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   *SEC v. Adondakis et al.; 12 Civ. 0409 (HB)*

Dear Judge Baer:

The undersigned counsel represents Plaintiff Securities and Exchange Commission in the above-referenced action. We write, with the consent of counsel for defendants Anthony Chiasson and Todd Newman, to inform the Court that the parties have reached partial settlements in principal and anticipate submitting proposed judgments with respect to defendants Chiasson and Newman within the next week.

As noted during the conference before your Honor on May 15, 2013, the Commission had planned to move for summary judgment against defendants Chiasson and Newman based on the doctrine of collateral estoppel and the preclusive effect of the guilty verdicts against them in the parallel criminal case, U.S. v. Newman, S2-cr-121 (RJS). While counsel for Chiasson and Newman had indicated to the undersigned that they did not plan to contest the applicability of collateral estoppel, the parties were unable to reach agreement as to any of the forms of relief sought in the Commission's complaint.

However, after further settlement discussions, defendants Newman and Chiasson have agreed in principal to enter into partial settlements that are analogous to the settlements approved by the Court on March 7, 2013 with respect to defendants Spyridon "Sam" Adondakis, Sandeep Goyal, Jon Horvath, Danny Kuo and Jesse Tortora. The settlements with defendants Newman and Chiasson, however, would be based solely on the collateral estoppel effect of their convictions and would not constitute admissions as to the facts charged in the SEC's complaint. The contemplated settlements with Newman and Chiasson would permanently enjoin them from violating Section 17(a) of the Securities Act, Section 10(b) of the Securities Exchange Act, and Exchange Act Rule 10b-5. In addition to injunctive relief, the proposed judgments would provide that the question of whether or not Chiasson and Newman should be liable for the disgorgement of ill-gotten gains and/or civil monetary penalties under Section 21A of the Exchange Act should be deferred during the pendency of their appeals of their criminal convictions. Finally, Chiasson and Newman have also consented to the issuance of

The Honorable Harold Baer, Jr.
June 10, 2013
Page 2

administrative orders barring them from association with registered investment advisers, broker-dealers, and other registered entities in the securities industry.

The settlements would provide that to the extent that either defendant's substantive securities fraud convictions are vacated by the Court of Appeals, the corresponding judgment(s) in this action would also be vacated. In that event, the SEC, at its discretion, could seek to remove this case from the Court's suspense docket and ask that the Court set a trial date. If the appeals are denied, the parties would either seek to settle the Commission's remaining claims (*i.e.*, disgorgement, prejudgment interest and civil penalties) or seek a determination from the Court with respect to those claims.

In light of the foregoing, the parties hereby request that the Court adjourn the current schedule for summary judgment motions, which are currently due to be fully submitted by June 26, 2013. The parties will advise the Court of the schedule for the appeal in the criminal case once it has been set.

We are available for a conference should the Court have any further questions.

Respectfully submitted,

Daniel R. Marcus
Senior Counsel

cc:   All Counsel (by email)

*Let's set a control date of October 10, 2013 for a status conference or just a letter with up to date information on the appeal etc.*

SO ORDERED:

Harold Baer, Jr., U.S.D.J.
Date: 6/10/13

Endorsement:

      Let's set a control date of October 10, 2013 for a status conference or just a letter with up to date information on the appeal, etc.