```
                                                      :    USDS SDNY
                                                           DOCUMENT
                                                           ELECTRONICALLY FILED
                                                           DOC #: _____
SECURITIES AND EXCHANGE COMMISSION,                   :    DATE FILED: 10/4/13
                                                      :
                    Plaintiff,                        :
                                                      :
        -against-                                     :    12-cv-0409 (HB)
                                                      :
SPYRIDON ADONDAKIS,                                   :
ANTHONY CHIASSON,                                     :    ECF CASE
SANDEEP GOYAL,                                        :
JON HORVATH,                                          :
DANNY KUO,                                            :
TODD NEWMAN,                                          :
JESSE TORTORA,                                        :
DIAMONDBACK CAPITAL MANAGEMENT, LLC,                  :
   and                                                :
LEVEL GLOBAL INVESTORS, L.P.,                         :
                                                      :
                    Defendants.                       :
```

## JUDGMENT AS TO DEFENDANT TODD NEWMAN

The Securities and Exchange Commission, having filed a Complaint and Defendant Todd Newman ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; agreed not to oppose entry of this Judgment based solely on the collateral estoppel effect of his conviction in United States v. Todd Newman, S2-12-cr-121-RJS (S.D.N.Y.).

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant may be liable to pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. The Court shall determine the amounts of the disgorgement and civil penalty, if any, upon motion of the Commission. Prejudgment interest shall be calculated based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) the collateral estoppel effect of the Defendant's conviction will preclude him from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Judgment; and (c) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for

disgorgement and/or a civil penalty, the parties may take discovery, limited to the issue of Defendant's financial condition,, including discovery from appropriate non-parties.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: __10 / 4__, __13__

_____
UNITED STATES DISTRICT JUDGE

4