

**COLSON & HARRIS** LLP

80 Broad Street
19th Floor
New York, NY 10004

T 212-257-6455
F 212-257-6453

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/15/16
```

January 15, 2016

BY ECF and FAX: (212) 805-7920

Hon. Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Rm. 1620
New York, NY 10007

Re: *SEC v. Adondakis, et al*,
12 Civ. 409 (SAS)

Dear Judge Scheindlin:

    Our firm represents Spyridon (Sam) Adondakis, a defendant in the above-referenced matter. In 2013, when this case was assigned to Judge Harold Baer, a judgment was entered against Mr. Adondakis pursuant to a settlement agreement between Mr. Adondakis and the Securities and Exchange Commission ("SEC"). The judgment against Mr. Adondakis is Document 81 in the ECF docket of this case. I now write pursuant to Federal Rule of Civil Procedure 60(b)(4), (5), and (6), to respectfully request that the Court vacate the judgment entered against Mr. Adondakis. It is my understanding that the SEC does not oppose this application.

    Federal Rule of Civil Procedure 60(b)(4), (5) and (6), empowers the Court to vacate a judgment where it "is void," "applying it prospectively is no longer equitable" or for "any other reason that justifies relief." Here, the judgment against Mr. Adondakis should be vacated because it is inconsistent with the 2014 decision of the Second Circuit in *United States v. Newman, et al.,* 773 F.3d 438 (2d Cir. 2014). As the Court is aware, the Second Circuit's opinion in *Newman* defined the concept of insider trading as it is to be applied in our circuit. In its ruling, the Second Circuit explicitly found that the transactions that were the basis for the entry of the judgment against Mr. Adondakis did not constitute insider trading. Late last year, the Supreme Court denied the government's petition for certiorari. Thereafter, the United States Attorney's Office filed a *nolle prosequi* to dismiss its criminal case against Mr. Adondakis, and Judge Keenan dismissed the charges on November 6, 2015.

    Accordingly, Mr. Adondakis respectfully requests that the Court, by "so ordering" this letter, re-open the matter and vacate the March 8, 2013 judgment.

I appreciate the Court's consideration.

    Respectfully submitted,

    /s/
    Justine A. Harris

cc:    Charles Riely, Esq. (By ECF and Electronic Mail
       Sandeep Satwalekar, Esq. (By ECF and Electronic Mail)

    The Defendant, Spyridon Adondakis, having made an application to vacate the judgment entered against him herein on March 8, 2013 (ECF 81), and the plaintiff, Securities and Exchange Commission having no opposition to the application, and good cause appearing to grant the application,

    IT IS ORDERED, that the judgment entered against Spyridon Adondakis in this matter as document number 81 on the ECF docket be and hereby is vacated.

IT IS SO ORDERED:

_____
HON. SHIRA A. SCHEINDLIN
U. S. D. J.

1/15/16

20093