# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

January 22, 2016

By ECF and Hand Delivery

The Honorable Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1620
New York, NY  10007

> Re:   *Securities and Exchange Commission* v. *Adondakis, et al.*, 12 Civ.
> 409 (SAS)

Dear Judge Scheindlin:

We represent defendant Jon Horvath in this matter.  We write on behalf of Mr. Horvath to respectfully request, pursuant to Federal Rule of Civil Procedure 60(b), that the Court enter the enclosed proposed order vacating the judgment entered against Mr. Horvath on March 8, 2013.  (*See* Judgment, Doc. No. 80.)  We are advised by counsel for the SEC that it does not oppose this request.

The Complaint in this action, which was filed by the SEC on January 18, 2012, alleges principally that Mr. Horvath and others violated Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated under Section 10(b), 17 C.F.R. § 240.10b-5, in connection with alleged unlawful insider trading of securities of Dell Inc. and Nvidia Corporation.  (*See* Complaint, Doc. No. 1, at 26 ¶ 114–32 ¶ 137.)

On September 28, 2012, Mr. Horvath entered a guilty plea in the parallel criminal action arising out of the same facts underlying this matter. *See United States* v. *Newman, et al.*, 12 Cr. 121 (RJS), Doc. No. 152 (S.D.N.Y. Oct. 16, 2012).  On January 23, 2013, Mr. Horvath consented to entry of a judgment in this proceeding permanently restraining and enjoining him from violating Section 17(a), Section 10(b), and Rule 10b-5.  The Court entered the agreed-upon judgment against Mr. Horvath on March 8, 2013. (*See* Judgment, Doc. No. 80.)

In December 2014, the Second Circuit reversed the convictions of two other defendants in the criminal action, Anthony Chiasson and Todd Newman, on the

The Honorable Shira A. Scheindlin                                                    -2-

ground that the facts alleged against them by the Government did not amount to illegal insider trading as a matter of law. *See United States* v. *Newman*, 773 F.3d 438 (2d Cir. 2014). In particular, the court ruled that a recipient of material, non-public information cannot incur insider trading liability by trading on the basis of that information unless he knows that an insider disclosed the information in exchange for a personal benefit. *Id.* at 442. Because the Government had not proven such knowledge on the part of Mr. Chiasson or Mr. Newman, the court concluded that their convictions could not stand. *Id.* As an independent basis for reversal, the court held that the Government had failed to offer evidence that the Dell and Nvidia insiders had received a legally sufficient personal benefit in exchange for the disclosures at issue. *Id.*

Following the reversal of their convictions in the criminal proceeding, this Court reversed grants of partial summary judgment that had been entered against Mr. Chiasson and Mr. Newman in this case as a result of the preclusive effect of those convictions. (*See* Judgments, Doc. Nos. 91–92.) On October 13, 2015, shortly after the Supreme Court denied a petition for certiorari filed by the Government in connection with the *Newman* decision, Mr. Newman and Mr. Chiasson filed a joint, unopposed motion for summary judgment. (*See* Notice of Motion for Summary Judgment, Doc. No. 110.) This Court granted that motion on October 21, 2015. (*See* Order, Doc. No. 117.)

Like the defendants in *Newman*, Mr. Horvath was a remote, downstream tippee of the Dell and Nvidia information and, consequently, his liability (if any) under the federal securities laws was identical to theirs. On October 22, 2015, Judge Sullivan, at the Government's behest, entered a *nolle prosequi* dismissing the criminal charges against Mr. Horvath. *See United States* v. *Newman, et al.*, 12 Cr. 121 (RJS), Doc. No. 463 (S.D.N.Y. Oct. 22, 2015).

*              *              *

Federal Rule of Civil Procedure 60(b) empowers this Court to vacate a final judgment under specified circumstances, including if the judgment "is based on an earlier judgment that has been reversed or vacated," *see* Fed. R. Civ. P. 60(b)(5); if applying the judgment prospectively "is no longer equitable," *see id.*; or for "any other reason that justifies relief," *see* Fed. R. Civ. P. 60(b)(6). The decision in *Newman* and the subsequent dismissal of the criminal charges against Mr. Horvath warrant vacatur of the judgment in this case under those standards, for at least four reasons:

*First*, applying the judgment in this case prospectively "is no longer equitable," *see* Fed. R. Civ. P. 60(b)(5), in light of *Newman*. As the Supreme Court has held, modification of a consent decree "may be warranted when the statutory or

The Honorable Shira A. Scheindlin                                                  -3-

decisional law has changed to make legal what the decree was designed to prevent."[1]
That is exactly what has happened here.

The Second Circuit's decision in *Newman* made clear that the factual
predicate underlying the judgment against Mr. Horvath in this case does not suffice to
support imposition of liability under the federal securities laws. *Newman* deemed legally
insufficient the benefit that the Dell and Nvidia insiders allegedly received in exchange
for disclosing material non-public information, and held that the Government had in any
event failed to put forward evidence that Mr. Chiasson or Mr. Newman knew of that
benefit. The requirements articulated in *Newman*—that the Government demonstrate that
the insider received a sufficiently meaningful personal benefit and that the defendant
knew of that benefit—also apply in a civil insider trading action, although the
Commission may satisfy the knowledge requirement with a showing that the defendant
should have known, or recklessly failed to obtain knowledge, of the benefit.[2]

The facts of this case are identical to those at issue in the criminal
proceeding. The SEC does not assert that the Dell and Nvidia insiders received any
benefits beyond those determined by the Second Circuit to be insufficient, and the
Complaint does not allege that Mr. Horvath either was aware of those benefits or should
have been aware of them. (*See* Complaint, Doc. No. 1, at 26 ¶ 114–32 ¶ 137.) It follows
that under the law as set forth in *Newman*, the conduct alleged in the Complaint and that
forms the basis of the judgment against Mr. Horvath does not amount to illegal insider
trading,[3] a circumstance that merits vacatur under Rule 60(b)(5).

*Second*, the judgment in this case was based on Mr. Horvath's guilty plea,
which is no longer extant. *See* Fed. R. Civ. P. 60(b)(5). The plea and the consent

---

[1] *Rufo* v. *Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 388 (1992); *see also Fendi Adele S.R.L.* v.
*Burlington Coat Factory Warehouse Corp.*, 222 F. App'x 25, 26–27 (2d Cir. Mar. 14, 2007)
(recognizing that a "material, relevant change" in applicable law may merit relief under
Rule 60(b)(5)).

[2] *See S.E.C.* v. *Jafar*, No. 13-CV-4645 JPO, 2015 WL 3604228, at *4 (S.D.N.Y. June 8, 2015)
("[A]fter *Newman*, a tippee may be liable in a civil suit for insider trading only if he knew or
should have known that the information he traded on was divulged by the tipper for personal
benefit."); *id.* at *6 (holding that the Commission had plausibly alleged that "the person who
tipped the confidential information received a personal benefit *of the quid pro quo variety
required by* Newman") (emphasis added).

[3] The heightened burden of proof applicable in the criminal proceeding does not diminish
*Newman*'s effect on the judgment in this case. Under the standard articulated in *Newman*, the
allegations in the Complaint are legally insufficient to support liability, regardless of the quantum
of proof proffered in support of those allegations.

The Honorable Shira A. Scheindlin                                                    -4-

judgment arose out of the same factual allegations.  Indeed, Mr. Horvath consented to
entry of a judgment in this case only after and as a result of entering the plea, which
precluded him from contesting the Commission's claims.[4]  The district court's entry of a
*nolle prosequi* in the criminal proceeding, which rendered the guilty plea null and void,
eliminated the plea as a basis for the judgment in this case, providing grounds for relief
under Rule 60(b)(5).

       *Third*, the development in the law occasioned by *Newman* constitutes an
"extraordinary circumstance" justifying relief under Rule 60(b)(6).  That rule, which
"should be liberally construed when substantial justice will thus be served," applies
where a judgment "may work an extreme and undue hardship."[5]  If the injunction entered
against Mr. Horvath in this case remains in place, he will face the prospect of indefinite
bars on his participation in the securities industry, despite not having violated the law.
That manifestly unjust result would cause Mr. Horvath "extreme and undue hardship."

       *Fourth*, the balance of equities tips even further in favor of vacatur in light
of the fact that the SEC does not oppose Mr. Horvath's request for relief.  Courts denying
motions under Rule 60(b) have emphasized the importance of preserving the bargain
struck by the parties, particularly the benefit negotiated by the non-moving party.[6]  Given
the SEC's voluntary relinquishment of the benefit of its bargain, that concern has no
bearing here.  The absence of any countervailing interest militates strongly in favor of
granting relief under Rule 60(b).

---

[4]  *See Maietta* v. *Artuz*, 84 F.3d 100, 102 n.1 (2d Cir. 1996) ("Application of collateral estoppel
from a criminal proceeding to a subsequent civil proceeding is not in doubt.  'It is well-settled
that a criminal conviction, whether by jury verdict or guilty plea, constitutes estoppel in favor of
the United States in a subsequent civil proceeding as to those matters determined by the judgment
in the criminal case.'" (quoting *United States* v. *Podell*, 572 F.2d 31, 35 (2d Cir. 1978))).

[5]  *See Matarese* v. *LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986) (internal citations and quotation
marks omitted); *see also id.* ("A postjudgment change in the law having retroactive application
may, in special circumstances, constitute an extraordinary circumstance warranting vacation of a
judgment.").

[6]  *See, e.g., S.E.C.* v. *Conradt*, 309 F.R.D. 186, 188 (S.D.N.Y. 2015) ("[R]elief under Rule 60(b)
is not intended to allow one side of a settlement agreement to obtain the benefits of finality while
placing the other side at risk that future judicial decisions will deprive them of the benefit of their
bargain."); *S.E.C.* v. *Alexander*, No. 06-CV-3844 NGG RER, 2013 WL 5774152, at *3 (E.D.N.Y.
Oct. 24, 2013) (refusing to modify consent judgment, explaining that "consent decrees are to be
construed basically as a contract") (internal quotation marks omitted).

The Honorable Shira A. Scheindlin                                          -5-

      For the reasons stated above, we respectfully request that the Court enter the enclosed proposed order vacating the judgment entered against Mr. Horvath in this matter.

Respectfully submitted,

Steven R. Peikin

cc:     Sandeep Mukund Satwalekar, Esq.
        (Securities and Exchange Commission)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x
SECURITIES AND EXCHANGE                        :
COMMISSION,                                    :
                                               :   12 Civ. 409 (SAS)
                        Plaintiff,             :
                                               :
        v.                                     :
                                               x
JON HORVATH,
                        Defendant.

———————————————————————

[PROPOSED] ORDER VACATING JUDGMENT

        WHEREAS, Defendant Jon Horvath has requested, pursuant to Federal Rule of
Civil Procedure 60(b), that the Court vacate the judgment entered against him in this action on
March 8, 2013, *see* Doc. No. 80; and

        WHEREAS, Plaintiff U.S. Securities and Exchange Commission does not oppose
that request;

        THEREFORE, IT IS HEREBY ORDERED, that the judgment entered against
Defendant Jon Horvath in this action on March 8, 2013 be and hereby is vacated.

                                        IT IS SO ORDERED:


                                        _____
                                        Honorable Shira A. Scheindlin
                                        United States District Judge
                                        DATED: _____