WILMERHALE

January 28, 2016

Peter G. Neiman

+1 212 295 6487 (t)
+1 212 230 8888 (f)
peter.neiman@wilmerhale.com

**BY ECF and FAX: (212) 805-7900**

Hon. Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Rm. 1620
New York, NY 10007

Re:   SEC v. Adondakis, et al. (Diamondback),
      12 Civ. 409 (SAS)

Dear Judge Scheindlin:

Our firm represents Diamondback Capital Management, LLC ("Diamondback"), one of the defendants named in the above-referenced matter. In 2012, when this case was assigned to Judge Harold Baer, a judgment was entered against Diamondback pursuant to a settlement agreement between Diamondback and the Securities and Exchange Commission ("SEC"). The judgment against Diamondback is Document 43 in the ECF docket of this case. I write to make an application to the Court to vacate the judgment entered against Diamondback. Based on my discussions with the SEC, it is my understanding that the SEC will not oppose this application, and will file a letter stating that shortly. The basis for this application is as follows.

Late last year, the Supreme Court denied the government's petition for certiorari in the matter known as United States v. Newman, et al., 773 F.3d 438 (2d Cir. 2015). As I am sure the Court is aware, the Second Circuit's opinion in Newman addressed the nature of insider trading, and defined the concept of insider trading as it is to be applied in our circuit. In its ruling, the Second Circuit explicitly found that the transactions that were the basis for the entry of the judgment against Diamondback in this case did not constitute insider trading.

The law as announced in Newman is inconsistent with the judgment entered in 2012 by Judge Baer against Diamondback in this case. Diamondback therefore believes that the judgment in this case should be vacated. The procedural basis for this application is Federal Rule of Civil Procedure 60(b)(4), (5) and (6), which empowers the Court to vacate a judgment where it "is void," "applying it prospectively is no longer equitable" or for "any other reason that justifies relief."

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    Washington

WILMERHALE

Hon. Shira A. Scheindlin
January 28, 2016
Page 2

If the Court is inclined to grant this application, it may do so by executing this letter at the "So Ordered" signature line below.

Respectfully submitted,

Peter G. Neiman

cc: Charles Riely, Esq. (By ECF and Fax)

    The Defendant, Diamondback Capital Management, LLC having made an application to vacate the judgment entered against it herein on April 6, 2012 (ECF 43), and the plaintiff, Securities and Exchange Commission having no opposition to the application, and good cause appearing to grant the application,

    IT IS ORDERED, that the judgment entered against Defendant Diamondback Capital Management, LLC in this matter as document number 43 on the ECF docket be and hereby is vacated.

IT IS SO ORDERED:

_____
HON. SHIRA A. SCHEINDLIN
U. S. D. J.